DECISION OF DISMISSAL
This matter is before the court on Defendant's Motion to Dismiss, filed on May 28, 2009, requesting that the Complaint be dismissed for the 2007-08 tax year.
A case management conference was held June 30, 2009. Sandy O'Quinn participated on her own behalf; Ken Collmer appeared for Defendant. During the conference, Plaintiff confirmed that her appeal concerned only the 2007-08 tax year. The parties were given time to submit additional optional comments. The record closed August 3, 2009.
This appeal concerns residential property identified as Account R191646. Plaintiff purchased this home in 2004. No appeal was filed for 2007-08 with the Multnomah County Board of Property Tax Appeals (BOPTA). For 2007-08, Plaintiff now requests a reduction in the real market value (RMV) from $439,780 to $370,000. She request any 2007-08 reduction be carried forward to affect the 2008-09 maximum assessed value (MAV).
Oregon has a structured appeals system for taxpayers to follow when challenging the RMV assigned to their properties. The first step in the appeal process is to a county BOPTA. Taxpayers are required to file appeals with the appropriate county board by December 31 of the current tax year. ORS 309.100(2).[1] *Page 2 
However, some situations occur that prevent a taxpayer from timely appealing to the county board. As a result, the legislature granted this court authority to review untimely appeals when the taxpayer establishes "good and sufficient cause" for not timely pursuing a statutory right of appeal. ORS 305.288(3).
ORS 305.288(3) states:
 "The tax court may order a change or correction * * * to the assessment or tax roll for the current tax year and for either of the two tax years immediately preceding the current tax year if, for the year to which the change or correction is applicable the * * * taxpayer has no statutory right of appeal remaining and the tax court determines that good and sufficient cause exists for the failure by the * * * taxpayer to pursue the statutory right of appeal."
(Emphasis added.)
That statute defines good and sufficient cause as follows:
 "`Good and sufficient cause':
 "(A) Means an extraordinary circumstance that is beyond the control of the taxpayer, or the taxpayer's agent or representative, and that causes the taxpayer, agent or representative to fail to pursue the statutory right of appeal; and
 "(B) Does not include inadvertence, oversight, lack of knowledge, hardship or reliance on misleading information provided by any person except an authorized tax official providing the relevant misleading information."
ORS 305.288(5)(b) (emphasis added).
For the 2007-08 tax year, Plaintiff states she was unaware of the exact filing process and that she was busy with her occupation. As a result, the court finds good and sufficient cause is lacking for the failure to timely pursue an appeal for 2007-08. The court has no independent authority to adjust the MAV for 2008-09.
The second circumstance under which the court can hear a taxpayer's case is if it concludes there is a gross error. ORS 305.288(1) sets forth when the court shall order a correction under that approach. The statute states: *Page 3 
 "(1) The tax court shall order a change or correction * * * to the assessment and tax roll for the current tax year or for either of the two tax years immediately preceding the current tax year * * * if all of the following conditions exist:
 "(a) For the tax year to which the change or correction is applicable, the property was or is used primarily as a dwelling * * *.
 "(b) The change or correction requested is a change in value for the property for the tax year and it is asserted in the request and determined by the tax court that the difference between the real value of the property for the tax year and the real market value on the assessment and tax roll for the tax year is equal to or greater than 20 percent." (Emphasis added.)
Here, the value range alleged by Plaintiff is less than 20 percent. On a review of the pleadings there is no showing of a gross error.
Now, therefore,
IT IS THE DECISION OF THIS COURT that this matter be dismissed.
Dated this ____ day of August 2009.
If you want to appeal this Decision, file a Complaint in theRegular Division of the Oregon Tax Court, by mailingto: 1163 State Street, Salem, OR 97301-2563; or byhand delivery to: Fourth Floor,1241 State Street, Salem, OR.
 Your Complaint must be submitted within 60days after the date of the Decision or this Decision becomesfinal and cannot be changed.
 This document was signed by Magistrate Jeffrey S. Mattsonon August 28, 2009. The Court filed and entered this documenton August 28, 2009.
[1] All references to the Oregon Revised Statutes (ORS) are to 2007. *Page 1